UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IQBAL S. RANDHAWA,

Plaintiff,

v.

BANK OF NEW YORK MELLON,

Defendants.

No. 2:18-cv-02244 JAM AC PS

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding in this matter pro se following the withdraw of counsel (ECF No. 12), and pre-trial proceedings are accordingly referred to the magistrate judge pursuant to Local Rule 302(c)(21). Defendant's motion to dismiss (ECF No. 16) came on for hearing on March 20, 2019. ECF No. 27. Because the applicable statute of limitations bars this case in its entirety, defendant's motion must be GRANTED.

**I.    BACKGROUND**

The complaint alleges as follows. Plaintiff owned an encumbered home at 681 Dynasty Drive, Fairfield, California, 95534, where he lived. ECF No. 1 at 2. In 2001, plaintiff became unable to make regular payments on his mortgages, and the property became subject to foreclosure. Id. at 3. On or about July 23, 2004, plaintiff was solicited by Phil Elauria ("Elauria") who represented that he was an agent and manager of the Princess Properties & Associates Acquisitions & Holdings, LLC ("Princess Properties"). Id. Elauria said that he and

1

his company had the ability to "save" plaintiff from "losing his home" at the foreclosure sale. Elauria proposed an arrangement in which plaintiff would transfer title to his home to Princess Properties for 60 days, during which plaintiff could remain in the house and get back on his feet financially, after which the company would transfer the property back to plaintiff. Id. In reliance on these representations, plaintiff signed a Grant Deed transferring the title of the property to Princess Properties; this deed was recorded on August 4, 2004. Id. On September 10, 2004, plaintiff signed a Promissory Note for $750,000 in which Princess Properties was the lender and plaintiff and his spouse were borrowers. Id. at 3-4.

Plaintiff alleges that he was fraudulently induced to enter the transaction with Princess Properties. Id. at 4. Princess Properties did not disclose that prior to the September 10, 2004 transaction, it had already caused Walter J. Aster ("Aster"), owner of Princess Properties' successor "Real Opportunity" to execute two deeds of trust on the Subject Property. Id. Aster acknowledged that he was paid $5,000 by Princess Properties for allowing Princess Properties to use his name and credit to obtain two purchase money mortgages from Sierra Pacific Mortgage Company, predecessor to defendant Bank of New York Mellon ("BONY"), falsely representing that Aster intended to live in the home. Id. On or about January 31, 2005, Real Opportunity and Aster recorded a Grant Deed transferring title to the property from Princess Properties to Real Opportunity, and in early 2005, began demanding plaintiff start making payments to Real Opportunity, attention Walter J. Aster. Id. at 5.

Alarmed by the series of events, plaintiff sent a Notice of Rescission pursuant to Civil Code § 1695 and his rights under the Truth in Lending Act to Real Opportunity Investments on or about August 31, 2005. Id. at 6. The Notice of Rescission was recorded at the Solano Country Recorders Office on September 1, 2005. BONY was aware of the Notice of Rescission and made an unsuccessful effort to expunge the Notice in a prior state court case, Real Opportunity Investments LLC v. Randhawa ("ROI v. Randhawa"). Id. In that case, BONY filed a cross-complaint seeking declaratory relief, equitable subrogation, judicial foreclosure, and quiet title. Id. The court granted BONY summary judgment on plaintiff's claims against it, but denied summary judgment to BONY on its cross complaint. Id. at 7. BONY subsequently dismissed its

cross-complaint. Id. On or about April 17, 2015, BONY recorded a Trustee's Deed Upon Sale, indicating that it was the new equity purchaser and had acquired ownership and title to the property. Id. On May 18, 2015, BONY served plaintiff with an unlawful detainer to evict him. Id.

Plaintiff filed his complaint on August 17, 2018. ECF No. 1. Plaintiff brings two claims: (1) "Rescission under federal law" pursuant to the Truth in Lending Act ("TILA"), and (2) "Violation of 15 U.S.C. § 1635," a provision of TILA. Id. at 7-8. Plaintiff was initially represented by counsel, but counsel's withdrawal was approved on October 17, 2018. ECF No. 12. Defendant moved to dismiss on November 30, 2018. ECF No. 16. Plaintiff sought an extension of time to respond (ECF No. 17) which the court granted (ECF No. 19). Plaintiff filed an opposition to defendant's motion to dismiss, which includes a request to amend his complaint to include a fraud claim. ECF No. 23.

## II.    MOTION TO DISMISS

Defendant seeks to dismiss plaintiff's case with prejudice and without leave to amend pursuant to Fed. R. Civ. P. 12(b)(6) because (1) plaintiff's complaint is barred by the doctrine of res judicata; (2) TILA governs creditors, and defendant was never a creditor as to plaintiff; and (3) plaintiff's claims are time-barred. ECF No. 16-1 at 2.

A. Standards under Rule 12(b)(6)

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of

action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. The Applicable Statute of Limitations Bars All Claims

Although defendant raises three grounds for dismissal with prejudice, plaintiff's claims are clearly time-barred and therefore must be dismissed without leave to amend. Accordingly, the undersigned does not reach the alternative grounds for dismissal forwarded by defendant.

////

////

4

*1. Statute of Limitations under TILA*

Plaintiff's causes of action in the pending complaint against defendant are both TILA claims, and they are both barred by the statute of limitations. TILA, the Truth in Lending Act, separately provides a damages remedy and a right to rescind a loan agreement when the lender's disclosure statement is statutorily inadequate. Truth in Lending Act §§ 125(a), 130; 15 U.S.C. §§ 1635(a), 1640(a); Ljepava v. M. L. S. C. Props., 511 F.2d 935, 940-41 (9th Cir. 1975); Semar v. PlatteValley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 704 (9th Cir. 1986). Plaintiff argues that no statute of limitations applies to his case because does not seeks damages, but instead brings a recession claim pursuant to § 1635 of TILA, seeking only injunctive relief. Indeed, Counts One and Two of the Complaint both seek to enforce rescission under § 1635, and thus appear to be duplicative.

Plaintiff is correct that a claim for damages under 15 U.S.C. § 1640(e) is subject to a different time limit than a rescission claim. Section 1640 expressly provides that an action alleging a TILA violation must proceed "within one year from the date of the occurrence of the violation." The statutory text of § 1635, in contrast, does not include a limitations provision. Plaintiff argues that this statutory silence means no statute of limitations applies to a § 1635 claim. That is not correct. The Ninth Circuit has squarely held that held that TILA rescission enforcement claims are subject to the statute of limitations provided by state law for contract actions. Hoang v. Bank of Am., N.A, 910 F.3d 1096, 1101 (9th Cir. 2018).

Plaintiff relies on Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790, 792 (2015), which holds that a notice of rescission under TILA is effective upon its timely issuance, and that the three-year deadline established by § 1635(f) governs only the timeliness of the rescission notice from the borrower to the creditor and is not a deadline for suit. Although the Supreme Court reversed a lower court ruling that a rescission action was time-barred, the error that the Court identified lay in treating the rescission notice deadline as a statute of limitations. Jesinoski neither addressed nor decided the distinct question whether there is an extra-textual source for a statute of limitations applicable to suits seeking the equitable enforce of rescission.

////

5

Following Jesinoski, the Ninth Circuit addressed this question. In Hoang, supra, the Ninth Circuit held that "TILA does not provide a statute of limitations for rescission enforcement claims. Accordingly, our precedent requires that we borrow from analogous [state contract] law." 910 F.3d at 1101. The Ninth Circuit expressly rejected the "argument that no statute of limitations applies to TILA rescission enforcement claims." Id. at 1102. California provides a four-year statute of limitations for contract actions. Cal. Civ. Proc. Code § 337. Accordingly, plaintiff's claims are subject to a four-year statute of limitations.

The loan at issue here was consummated in 2004. Complaint, Ex. C. Plaintiff recorded the Notice of Rescission in 2005, and the TILA cause of action arose when the bank failed to take any action to wind up the loan within 20 days of receiving plaintiff's notice of rescission. 15 U.S.C. 1635(b); Hoang, 910 F.3d at 1102. The complaint in this case was filed more than ten years after the loan transaction at issue. Plaintiff's TILA claims thus fall far outside the applicable statute of limitations, and must be dismissed as untimely.

*2. Any Putative Fraud Claim is Also Untimely*

Plaintiff contends that the allegations of his Complaint support a claim for "fraud and fraud in the inducement," although he has not expressly asserted a cause of action for fraud. ECF No. 23 at 4. To the extent the complaint attempts to state a claim for fraud, it is time-barred.

California Code of Civil Procedure § 338(d) sets a three-year limitations period for "[a]n action for relief on the ground of fraud or mistake. The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." In general, "[a] cause of action accrues when the claim is complete with all of its elements." Slovensky v. Friedman, 142 Cal.App.4th 1518, 1528 (2006), as modified (citation omitted). "Although this ordinarily occurs on the date of the plaintiff's injury, accrual is postponed until the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements." Id. at 1528–29 (citations omitted). "Plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation." Id. at 1529 (citation and alteration omitted). "So long as there is a

reasonable ground for suspicion, the plaintiff must go out and find the facts; she cannot wait for the facts to find her." Id. (citation omitted).

The allegations on which plaintiff relies for his putative fraud claim, see ECF No. 23 at 4, involve false representations made by Phil Elauria and Princess Properties to plaintiff in 2004, and the knowing acceptance of the fraudulent Aster loan application by BONY's predecessor financial institution. ECF No. 1 at ¶¶ 10, 12, 16. Construing the putative fraud claim liberally, the underlying events all occurred in 2004 and 2005. Even if plaintiff were to argue that his claim against BONY could not have been discovered prior to BONY's active involvement in the matter, the claim would be untimely because plaintiff has been litigating against BONY regarding the subject property since 2012. The most recent event alleged in the complaint (and not alleged to have been independently fraudulent) is BONY's service of an unlawful detainer on May 18, 2015. ECF No. 1 at ¶ 29. Plaintiff's complaint was filed in this court more than three years thereafter. There is no theory under which a fraud claim could be timely.

### 3. *Leave to Amend Would Be Futile*

Although pro se plaintiffs are ordinarily given an opportunity to amend, Noll, 809 F.2d at 1448, amendment in this case would be futile because untimeliness is not a problem that can be solved by changes to the pleadings. There are no additional facts or alternative theories that could be added to the Complaint to make the TILA claims timely. Amendment to expressly assert a fraud claim would also be futile, because such a claim is also time-barred. Accordingly, leave to amend is not appropriate.

## CONCLUSION

For the reasons explained above, it is hereby RECOMMENDED that defendant's motion to dismiss (ECF No. 16) be GRANTED and that this case be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Failure to file objections within the

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 21, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE